BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant was indicted for robbery, tried before a jury, convicted, and sentenced to ten years imprisonment. *352 Judgment was properly entered and this appeal is taken therefrom.
The victim identified defendant in court as the one who robbed him. An accomplice testified as a witness for the State and identified appellant as the robber.
The direct testimony of the victim covered six pages of transcript paper. The searching cross-examination covered fourteen pages, re-direct two pages, and recross three pages. So we have seventeen pages of cross-examination.
On page fifteen of the record the following colloquy between defense counsel and the victim appears.
“Q Okay. Let’s get down to why you think it was James Robinson. I am not mad with you, not trying to jump on you,
I am not trying to, don’t want to put you on the defensive. I just want to find out what the truth is.
“A I am not lying about it.
“Q I know that and I remember talking with you before and I think we taped you before, didn’t we ?
[Emphasis supplied]
“A I believe you did. Yes, sir.”
Again on page twenty-five of the record we copy a second colloquy between defense counsel and the victim.
“Q Did you tell me that?
“A I told you Kirkland.
“Q Do you have the tape?
“MR. SORRELLS: We object to him making a statement like that in front of the Jury.
“THE COURT: Yes.
“MR. ADAMS: That is all at this time.”
Appellant asserts in his brief that the - circuit court’s adverse ruling, supra, (if in fact it was a ruling) denied him the right to cross-examination; that this denial was prejudicial and error to reverse.
We don’t agree. As we have pointed out, defendant was allowed free and liberal cross-examination (17 pages). It appears in the first aforequoted colloquy that the victim had nothing to do with the taping, and inference may be drawn that defendant’s counsel (we) did the taping and kept the tapes. Anyway, there is nothing in the record to indicate that the victim (the witness) ever had possession of the tapes.
If we may assume that the court in the second colloquy, supra, sustained the objection, the ruling was harmless error and will not justify a reversal. Rule 45 ARAP.
We fail to find any reversible error in the record. Appellant does not insist on any error other than the ruling about the victim’s alleged possession of the tapes.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.